UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES TORRES, an individual,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, a business entity; and DOES 1 through 100, inclusive,<br><br>　　　　　　　　Defendants. | Case No.:  19-cv-61-BTM-MDD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND**<br><br>**[ECF No. 7]** |

## I.　INTRODUCTION

Pending before the Court are Plaintiff's Motion to Remand and Motion for Leave to Amend. (ECF No. 7).  The action arises out of a personal injury claim filed in San Diego Superior Court against Defendants Costco Wholesale Corporation ("Costco") and Does 1-100.  Defendant Costco removed the action to federal court.

For the reasons set forth below, the Court GRANTS Plaintiff's Motion for Leave to Amend. (ECF No. 7).

//

## II. BACKGROUND

On October 12, 2017, Plaintiff Andres Torres allegedly tripped over a low-level display while shopping at Costco, causing physical injuries. Plaintiff filed a Complaint in San Diego Superior Court on August 28, 2018. (ECF No. 11-1, Exh. A "Compl."). The Complaint asserts two causes of action—negligence and premises liability—and states that Plaintiff suffered injuries "including, but not limited to, a shattered elbow requiring emergency room surgery." (Compl. ¶ 22). The Complaint largely relies on a theory of vicarious liability against Costco, but states that Does 1-100, including individuals, each "bear some legal responsibility and are liable to Plaintiff." (Compl. ¶ 5). The Prayer for Relief seeks damages to be determined at trial, as well as other unascertained fees and costs. (Compl. at 16).

Plaintiff served Costco on September 12, 2018, and Costco answered the Complaint on September 27, 2019. Costco served discovery on Plaintiff in October 29, 2018 and Plaintiff responded to Costco's interrogatories on December 31, 2018. (ECF No. 1-5). Plaintiff's responses indicate that Plaintiff lost full function of his right dominant arm, impacting his quality of life and requiring ongoing physical therapy, and that various providers had recommended elbow reconstruction and replacement surgery. (ECF No. 1-5). Plaintiff's responses also included an attachment of Plaintiff's medical bills, which included a four day hospital stay and totaled over $100,000 as of February 2018. (ECF No. 11-1 ¶ 6; ECF No. 7-6). Costco filed a notice of removal premised on diversity jurisdiction on January 9, 2019. (ECF No. 1).

## III. LEGAL STANDARD

### A. Remand

Congress has authorized district courts to exercise jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

28 U.S.C. § 1332(a). The removal statute specifies that defendant may remove any civil action brought in a state court that meets section 1332(a)'s criteria, unless defendant "is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). The removing defendant always has the burden of establishing that removal is proper, and the court resolves all ambiguity in favor of remand to state court. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).

### B. Amendment

Following the short period of time when pleadings may be amended "as a matter of course," thereafter "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts "should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), and they must apply the policy favoring amendment "with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Courts apply the same policy of liberality in granting leave to amend "whether the amendment will add causes of action or parties." *DCD Programs Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); Fed. R. Civ. P. 21 ("the court may at any time, on just terms, add or drop a party"). Factors that may support denial of leave to amend include bad faith, undue delay, prejudice to the opposing party, and futility of amendment. *DCD Programs Ltd.*, 833 F.2d at 185; *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, "[u]ndue delay by itself... is insufficient to justify a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).

### IV. DISCUSSION

Plaintiff asserts that removal was improper because Defendant's notice of removal was untimely, and that Plaintiff's proposed First Amended Complaint ("FAC") would deprive the Court of subject matter jurisdiction. The Court will examine each argument in turn.

//

3

19-cv-61-BTM-MDD

### A. Timeliness of Removal

Generally, a notice of removal must be filed within 30 days of defendant's receipt of the pleading. 28 U.S.C. § 1446(b)(1). "If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). A defendant determines removability "through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). In other words, a defendant does not bear the burden "to investigate the necessary jurisdictional facts within the first thirty days of receiving an indeterminate complaint." *Id.* at 693. The thirty-day requirement is triggered from the first document "from which it can be ascertained from the face of the document that removal is proper." *Id.* at 694.

Here, Plaintiff's initial pleading did not "affirmatively reveal information to trigger removal based on diversity jurisdiction." *Id.* at 695. The Complaint states that Plaintiff's elbow was shattered, requiring emergency surgery, and that damages for his injuries, ongoing medical expenses, "loss of income, physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and emotional distress," are to be determined at trial. (Compl. ¶¶ 19, 22, 26, 36, a-g). The Complaint seeks as-yet-undetermined general damages, special damages and economic loss, attorney's fees, compensatory damages, costs, and prejudgment interest. (Compl. ¶ a-g). Although Plaintiff's state court filing indicated that damages would exceed $25,000, it is not evident from the Complaint that the amount in controversy exceeded $75,000. (See Compl. "Unlimited Jurisdiction"). The only specified injury concerned a shattered elbow; the Complaint included no facts

relating to Plaintiff's suffering or the extent of his medical care that would suggest the cost far exceeded the cost of an emergency surgery.  The action therefore did not become removable until Costco received Plaintiff's interrogatory responses on December 31, 2018, which included a bill for medical charges exceeding $100,000 as of February 20, 2018. (ECF No. 7-6, 11-1, Nos. 6.2, 6.3, 6.4, 6.6, 6.7).  Contrary to Plaintiff's assertions, this interrogatory placed Costco on notice for the first time that the damages sought could exceed $75,000. (ECF No. 12 at 2).  Costco filed its notice of removal nine days later, well within the thirty-day window. (ECF No. 1).  The removal was therefore not untimely.

**B. Subject Matter Jurisdiction**

Notwithstanding the timeliness of Costco's Notice of Removal, the Court remains obligated to assess whether subject matter jurisdiction in fact exists. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."); *Chavez v. JPMorgan Chase & Co*, 888 F.3d 413 (9th Cir. 2018); *Ezaki v. United Parcel Serv., Inc.*, No. 08-CV-08087-DDP-RZX, 2009 WL 10671389, at *5 (C.D. Cal. Mar. 9, 2009) (explaining "while a settlement demand letter from a plaintiff may establish notice of removability and thereby trigger the thirty-day clock . . . it does not necessarily establish the amount in controversy in the case in and of itself").

Plaintiff avers that his insurance paid $14,945.71 in medical bills through February 2018, and asserts that under California law, a plaintiff cannot recover more than the sum paid by her insurance and accepted by her provider, even if the amount charged exceeds the amount accepted as payment. (ECF No. 7-1 at 6; ECF No. 7-6).  Plaintiff also asserts that the proposed FAC, which joins individual tortsfeasors, would destroy diversity of citizenship, depriving the Court of jurisdiction.  (ECF No. 7-1 at 7-10).  The removing defendant asserts that both the amount in controversy and diversity requirements are satisfied, and that

Plaintiff seeks to destroy diversity jurisdiction through a sham joinder. (ECF No. 11 at 7-8). For reasons set forth below, the Court grants Plaintiff's motion for leave to amend and concludes that diversity jurisdiction over the First Amended Complaint has not been established, necessitating remand.

### 1. Amount in Controversy

"A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 (2014). Where it is "unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled" the court requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *Chavez*, 888 F.3d at 415; *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). Because the Court sits in diversity jurisdiction, the Court applies California's substantive law in determining the tortfeasors' liability, which in turn bears upon whether the amount in controversy requirement is satisfied. *See Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003) ("Federal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law.").

The applicable California substantive law on liability for insurer-paid medical bills is set forth in *Howell v. Hamilton Meats & Provisions, Inc.* 52 Cal. 4th 541 (Cal. 2011). In *Howell*, the California Supreme Court held that plaintiffs cannot recover the price differential between a medical bill and the payment the medical provider ultimately accepts from the insurer. *Id.* at 548. The court acknowledged the collateral source rule, which provides that a successful plaintiff may collect damages from the tortfeasor even if a third party independent of the tortfeasor has already compensated plaintiff for those damages. *Id.* Under this

rule "a plaintiff can recover the amount her insurer paid for her medical care." *Id.* However, the court explained that this does not include sums that the insurer did not pay because, as a result of the medical provider accepting a lesser payment, the plaintiff never actually incurred liability for those charges. *Id.*

Here, Plaintiff asserts that his "only recoverable past economic damages … under California law are $14,945.71 (of which Medi-Cal will claim a lien for reimbursement)." (ECF No. 7-1 at 6). Plaintiff's proffered estimate is consistent with California state law, as set forth in *Howell*. The question thus becomes whether Costco has shown by a preponderance of the evidence that Plaintiff's future economic damages and other fees and costs exceed $60,054.29. *See Dart Cherokee*, 574 U.S. at 135; *Guglielmino*, 506 F.3d at 699. The Court concludes Costco has not met its burden.

The Notice of Removal references the February 2018 medical bill, but does not attach it. (See ECF No. 1, Exh. E (absence)). Costco also notes that an Operative Report shows Plaintiff's "proximal ulnar fracture was comminuted" and a plate was put in, reconstruction surgery was recommended, care is ongoing, and that Plaintiff's discharge summary shows his hospital stay lasted four days. (ECF No. 1 ¶¶ 5-6). But in its opposition, Costco does not rebut Plaintiff's position that the bills to date fall far short of $75,000. Costco provides no estimates of Plaintiff's future medical expenses, resting its arguments about the jurisdictional amount almost entirely on the bill, which is effectively $14,945.71. (See ECF No. 7-6). It appears that Plaintiff may undergo an additional surgery, but Costco has made no argument about the cost of that surgery and whether it might push the amount in controversy over the jurisdictional threshold. However, even if the Court were to independently conclude that medical expenses could exceed $75,000, or if Costco had proffered additional arguments and met its evidentiary burden, the question of diversity after joinder likely determines jurisdiction.

## 2. Joinder of Non-Diverse Defendants

Plaintiff seeks leave to amend the Complaint to join resident Defendants Mitch Fish and Maria Martin and add two new causes of action: negligence per se and negligent hiring, retention, and supervision. (See ECF No. 7-10 (redlined FAC)). Plaintiff asserts that he was ignorant of these individuals' identities when he filed the Complaint, instead identifying them as Does, and contends that joinder would destroy diversity and necessitate remand. (ECF No. 7 at 8). Costco urges the Court to deny joinder of these individuals, characterizing such joinder as a "sham" because "the doctrine of respondeat superior imputes liability to the employer by operation of law regardless of fault" and naming individual employees is not mandatory. (ECF No. 11 at 7-8). The Court will begin by assessing whether joinder is appropriate before turning to the question of whether joinder deprives the Court of diversity jurisdiction, necessitating remand.

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). This decision is left to the district court's sound discretion. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998) ("The language of § 1447(e) is couched in permissive terms and it clearly gives the district court . . . discretion . . . ."). Although section 1447(e) does not enumerate determinative criteria, courts generally consider the following factors:

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 607 (S.D. Cal. 2014) (citing

*IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F.Supp.2d 1008, 1011 (N.D.Cal. 2000)).

First, the parties sought to be joined, Fish and Martin, are necessary to just adjudication. Federal Rule of Civil Procedure 19 requires joinder of any person if their absence would: render the court unable to "accord complete relief among existing parties"; impede the person's ability to protect their interests; or would subject the person to "a substantial risk of incurring . . . inconsistent obligations." Fed. R. Civ. P. 19(a). Although courts consider Rule 19 in this determination, "amendment under § 1447(e) is a less restrictive standard than for joinder under Fed. R. Civ. Proc. 19." *IBC Aviation Servs., Inc*, 125 F.Supp.2d at 1011. Courts disallow joinder of non-diverse defendants where those defendants are only tangentially related to the cause of action or would not prevent complete relief. *Id.* (citing *Red Buttons v. National Broadcasting Co.,* 858 F.Supp. 1025, 1027 (C.D.Cal.1994)); *see also Franco v. Costco Wholesale Corp.*, No. 18-cv-7586-MWF, 2018 WL 6333674 at *2 (C.D. Cal. Oct. 30, 2018) ("The fact that Costco may be both directly liable for its negligence and vicariously liable for the negligence of [individual defendant] supports Plaintiff's argument that [non-diverse defendant is a necessary party to this action, and not merely tangentially related.")

Here, Plaintiff alleges that Fish is liable for the negligent construction of the low-level display, and that Martin is liable for failing to inspect or correct the "unsafe and dangerous" low-level display. (FAC ¶¶ 21-24). The FAC further states Defendant Fish's "willful conduct . . . did not arise out of the course and scope of his employment/agency with Defendant COSTCO." (FAC ¶ 23). Plaintiff has properly alleged negligence against Fish and Martin for their respective roles in causing his alleged injury, and these individuals are hardly "tangentially related" to Plaintiff's cause of action. *See Franco*, 2018 WL 6333674, at *2.

Second, the action is not barred by the applicable statute of limitations. The

injury occurred on October 12, 2017, and the two year period in which to bring a claim will end on October 11, 2019. *See* Cal Code Civ. Proc. § 335.1 ("Within two years: An action for . . . injury to . . . an individual caused by the wrongful act or neglect of another."). Because the two-year window has not yet closed, Plaintiff could conceivably pursue separate claims against each proposed Defendant. This factor thus weighs neither for nor against joinder.

Third, Plaintiff has adequately explained the delay in requesting joinder. The Complaint asserts liability against unnamed individuals and specifies that Plaintiff will seek leave to amend upon learning their true names. (Compl. ¶ 5). Plaintiff only became aware of Martin and Fish's identities after discovery. (See ECF No. 7-1 at 9; ECF No. 7-8 (interrogatories naming Fish and Martin)).

With respect to the fourth and fifth factors, the Court concludes joinder is not intended solely to defeat federal jurisdiction, and that the claims against Fish and Martin appear facially valid. Although a plaintiff's motive in seeking joinder is relevant, courts do not "impute an improper motive" merely because a plaintiff "seeks to add a non-diverse defendant post removal." *IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 1012. "In the Ninth Circuit, a non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009). Plaintiff's inability to recover against the non-diverse defendant must be "obvious according to the settled rules of the state." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

Moreover, the "a court may not make a sham defendant determination based on an inquiry into the merits of the case," but must rather look to whether defendant's evidence "tends to show that the non-diverse defendant has 'no real connection with the controversy.' " *See Stephan v. Costco Wholesale Corp.*, No.

SACV1800712AGAFMX, 2018 WL 3062153, at *3 (C.D. Cal. June 18, 2018) (citing *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)); *see also Hunter v. Philip Morris USA*, 582 F.3d 1039 (9th Cir. 2009) (contrasting statute of limitations defense and preemption defense and stating fraudulent joinder cannot be established by evidence that "relates to the merits of the case"). Indeed, "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter*, 582 F.3d at 1046 (quoting *Tillman v. R.J. Reynolds Tobacco,* 340 F.3d 1277, 1279 (11th Cir.2003) (per curiam)). "A state court plaintiff engaging in a common strategy of pleading broadly does not engage in a fraud or sham." *Padilla*, 697 F. Supp. 2d at 1160.

With these principles in mind, the Court considers the relevant state law. California's respondeat superior rule provides that "an *employer* may be held vicariously liable for torts committed by an employee within the scope of employment." *Patterson v. Domino's Pizza, LLC*, 60 Cal. 4th 474, 491 (Cal. 2014) (emphasis in original). Plaintiffs alleging vicarious liability against an employer are not required to name employee tortfeasors as defendants at the pleading stage. *C.A. v. William S. Hart Union High School Dist.*, 53 Cal.4th 861, 872 (Cal. 2012). However, even though joinder is not mandatory, an employer is not always liable for the actions of its employees, and nothing prohibits plaintiffs from naming both employer and employee as defendants. *See Farmers Ins. Grp. v. Cty. of Santa Clara*, 11 Cal. 4th 992, 1004–05 (Cal. 1995) ("Notwithstanding the generally broad view given to scope of employment determinations, the law is clear that an employer is not strictly liable for all actions of its employees during working hours."). For example, "an employer will not be held vicariously liable for an employee's malicious or tortious conduct if the employee *substantially* deviates from the employment duties for personal purposes." *Id.*

Given the foregoing, the Court concludes that there is a possibility that a California state court could find that the FAC states a cause of action against the named resident defendants. Moreover, the Court notes that Costco asserts in its Answer several affirmative defenses that acknowledge this possibility, including that Costco does not bear vicarious responsibility for the other tortfeasors. (See ECF No. 2, "Answer," Affirmative Defenses IV (comparative fault of others); VI (no joint and several liability for non-economic losses); IX (failure to name a necessary and/or indispensable party); and XII (no vicarious responsibility)). Because the FAC states a cause of action for direct negligence against the named individuals, and the Complaint contemplated such a claim even if it did not name the alleged individual tortfeasors, the fourth and fifth factors weigh in favor of joinder.

Finally, denial of joinder will prejudice Plaintiff more than it would prejudice Defendants. The negligence claims against Fish and Martin are closely connected in law and fact to those against Costco. Requiring Plaintiff to litigate those claims in two different forums would risk inconsistent judgments and waste judicial resources. *See IBC Aviation Servs., Inc.*, 125 F.Supp.2d at 1012.

The Court concludes that joinder of Defendants Fish and Martin is not fraudulent, and sees no evidence of bad faith, undue delay, prejudice to the opposing party, or futility of amendment, that may support denial of leave to amend. *DCD Programs Ltd.*, 833 F.2d at 185; *Foman*, 371 U.S. at 182. Because four of the five factors discussed above weigh in favor of joinder, and none weigh against, the Court grants Plaintiff leave to amend and join additional named resident Defendants and claims.

Turning to whether Defendants' joinder defeats diversity jurisdiction and necessitates remand, nothing before the Court affirmatively states either of the newly joined Defendants' citizenship. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (examining both complaint and notice of removal to

determine citizenship). Costco's Notice of Removal does not address Fish or Martin's citizenship, nor does Costco's briefing challenge Plaintiff's assertion that these newly named Defendants are non-diverse. (See ECF No. 11 (absence)). The proposed FAC pleads Defendants' residency, not their citizenship. (FAC ¶¶ 4, 5, 8). This is insufficient to establish citizenship because "[a] person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Kanter*, 265 F.3d at 857. Still, the burden of establishing diversity of citizenship falls on the removing defendant, not the plaintiff seeking remand, and all doubts must be resolved against removal. *See id.* (holding that where "neither Plaintiffs' complaint nor [Defendant's] notice of removal made any allegation regarding" one party's state citizenship, defendant's "failure to specify [that party's] state citizenship was fatal to . . . diversity jurisdiction"); *Gaus*, 980 F.2d at 566 ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."). Nevertheless, because the Court is granting leave to amend, the Court will refrain from ruling on the Motion to Remand until after the First Amended Complaint is filed.

## V. CONCLUSION

Plaintiff's Motion for Leave to Amend is GRANTED. Plaintiff shall file the First Amended Complaint within ten days of the entry of this order. Plaintiff shall state the citizenship of the parties in the First Amended Complaint. If, upon its filing, the First Amended Complaint deprives the Court of diversity jurisdiction, the Court will grant Plaintiff's Motion to Remand at that time.

IT IS SO ORDERED.

Dated: June 27, 2019

_____
Honorable Barry Ted Moskowitz
United States District Judge